IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNSON OGUNLANA, | No. 4:23-CV-00658 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN BARRAZA, | |
| Respondent. | |

## MEMORANDUM OPINION

JULY 13, 2023

Petitioner Johnson Ogunlana, who is confined at the Federal Correctional Institution, Allenwood (FCI Allenwood) in White Deer, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks the Court to recommend that the Federal Bureau of Prisons (BOP) place him into home confinement under the CARES Act. Because Ogunlana has failed to exhaust his administrative remedies, the Court must dismiss his Section 2241 petition.

**I.   BACKGROUND**

Ogunlana is currently serving a six-year sentence after pleading guilty to multiple fraud and identity-theft charges.[1] He was sentenced on February 17,

---

[1] *See United States v. Ogunlana*, No. 1:20-CR-285-CCB, Doc. 125 (D. Md. Feb. 17, 2022).

2022, in the United States District Court for the District of Maryland.[2]  His projected release date, via good conduct time, is May 5, 2027.[3]

Ogunlana contends that he should have been placed into home confinement under the Coronavirus Aid, Relief and Economic Security (CARES) Act because he "has no violent record, no sex offense, [and] no incident reports in [the] past 12 months."[4]  He also asserts that he is improperly housed in a medium-security facility rather than a low-security facility.[5]  He ask the Court to "recommend" that the BOP give him "immediate consideration" for placement in home confinement due to a recent COVID-19 outbreak at FCI Allenwood.[6]

## II.   DISCUSSION

Respondent contends that this Court lacks jurisdiction over Ogunlana's claims and that Ogunlana failed to exhaust available administrative remedies.  The Court need only address Respondent's second argument because, if Ogunlana failed to exhaust his administrative remedies, the Court must dismiss his petition as it is barred from reviewing his claims on the merits.[7]

---

[2]  *Id.*
[3]  *See* Doc. 13-1 at 3 ¶ 3; *id.* at 5.
[4]  Doc. 2 at 3.
[5]  Doc. 1 at 2.
[6]  *Id.* at 7.
[7]  *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 762 (3d Cir. 1996); *Ryan v. United States*, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing *Moscato*, 98 F.3d at 760)).

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[8]  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[9]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[10]  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[11]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[12]  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[13]  Exhaustion is

---

[8] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).
[9] *Moscato*, 98 F.3d at 761-62 (citations omitted)
[10] *See generally* 28 C.F.R. §§ 542.10-.19.
[11] *See id.* §§ 542.13-.15.
[12] *See Moscato*, 98 F.3d at 761.
[13] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

likewise excused when it would be futile.[14]  "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[15]

Ogunlana asserts that he exhausted his administrative remedies,[16] but it is clear that he did not.  In his most recent filing with the Court, he states that he recently submitted a BP-11—final appeal to General Counsel—on July 6, 2023.[17] Moreover, from the administrative remedy documents Ogunlana provided, it is evident that he did not press his medium-facility-placement claim through the administrative process; he only attempted to fully exhaust the claim regarding CARES Act home confinement.[18]

Ogunlana's claim does not involve statutory construction.  Nor has Ogunlana demonstrated that exhaustion would be futile.  Moreover, because Ogunala has failed to exhaust his administrative remedies, it is impossible for the Court to determine what the BOP's official position is regarding his specific

---

[14] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

[15] *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

[16] *See* Doc. 2 at 3.

[17] *See* Doc. 15 at 2.

[18] *See* Doc. 15-4.  Respondent notes that Ogunlana filed remedy 1158061-F1 on April 14, 2023, requesting a transfer to a low-security facility, but that remedy was denied and Ogunlana did not appeal further.  *See* Doc. 13 at 3; Doc. 13-1 at 4 ¶ 5.  Ogunlana does not dispute Respondent's assertion.

CARES Act claim.[19] Consequently, the Court must dismiss Ogunlana's Section 2241 petition for failure to exhaust administrative remedies.[20]

The Court additionally observes that, although Ogunlana is attempting to exhaust administrative remedies concerning his CARES Act claim, the BOP has been rejecting his filings because he did not properly follow the steps to exhaust his claim. In particular, it appears that Ogunlana failed to present evidence of his attempts at informal resolution (BP-8) such that he could assert that he received no response and proceed to formal review by the warden (BP-9) and beyond.[21] In any event, Ogunlana's failure to exhaust available administrative remedies precludes this Court from reviewing the instant claim.

---

[19] *See Donnelly v. Fed. Bureau of Prisons*, No. 10-cv-3105, 2012 WL 2357511, at *4-5 (D. Minn. May 30, 2012) (noting that one of the primary purposes of exhaustion is to develop the relevant factual and legal issues, as "[t]he administrative remedies process hones the factual record, and brings clarity to the legal issues presented in the case," and concluding that the purported challenge to a BOP policy "should have been fine-tuned and vetted before being brought into federal court"), *report & recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012).

[20] *See Moscato*, 98 F.3d at 761.

[21] *See* Doc. 15-4 at 2 (April 13, 2023 rejection notice indicating that Ogunlana either did not attempt informal resolution or "did not provide the necessary evidence of [his] attempt at informal resolution"); Doc. 15-2 (June 20, 2023 rejection notice stating that "it appears [Ogunlana] did not provide evidence of [his] attempt at informal resolution").

### III. CONCLUSION

For the foregoing reasons, the Court must dismiss Ogunlana's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge